# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 18, 2022

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ALEXANDRA NUNEZ, | * | No. 14-996V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Insufficient Proof; Human |
| AND HUMAN SERVICES, | * | Papillomavirus ("HPV" or "Gardasil") |
| | * | Vaccine; Premature Ovarian Failure/ |
| Respondent. | * | Insufficiency ("POF/POI") |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Mark T. Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On October 16, 2014, Monica Chenowith ("Mrs. Chenowith") filed a petition for compensation on behalf of her then-minor daughter, Alexandra Nunez ("Petitioner") under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Pet. at 1, ECF No. 1. The petition alleges that the human papillomavirus ("HPV" or "Gardasil") vaccinations Petitioner received on October 20, 2011, and January 4, 2012, caused her to suffer from premature ovarian failure ("POF/POI"). *Id.* The information in the record, however, does not show entitlement to an award under the Program.

Respondent did not submit a report pursuant to Vaccine Rule 4(c), however several status conferences were held to discuss the onset of Petitioner's condition. *See, e.g.*, ECF Nos. 7, 19, 32. Following the submission of several rounds of expert reports, this case was consolidated with several other POI matters to determine if any of the cases could proceed in light of the causation theory proposed in each of the petitioners' cases. *See, e.g.*, ECF Nos. 72, 73, 75. On December 6,

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2019, I held a status conference with the parties in the consolidated POI matters to discuss the presentation of the parties' arguments with respect to the viability of a causation theory pursuant to *Althen* prong one. No. 15-183V, ECF No. 80. Petitioner filed her brief on *Althen* prong one on June 18, 2020. No. 15-183V, ECF No. 86. Respondent submitted a response on September 22, 2020, and Petitioner filed a reply on November 20, 2020. No. 15-183V, ECF Nos. 88, 90.

I issued a ruling on *Althen* prong one on August 30, 2021, finding that the petitioners in the consolidated POI cases have presented a causation theory that, while not applicable to all of them, does survive *Althen* prong one under limited, specific circumstances. *See* Findings of Fact at 24, ECF No. 85. On December 14, 2021, I held a status conference in this matter to discuss whether preponderant evidence has been submitted showing that Petitioner suffers from POI with an autoimmune etiology. Sched. Order at 1, ECF No. 87. Petitioner requested sixty days to file updated medical records and a status report indicating whether this case will proceed or be dismissed, and I granted her request. *See id.* Following an extension of time, Petitioner indicated that she has decided to withdraw her claim and dismiss her case. *See* ECF Nos. 88–91. On April 12, 2022, Petitioner filed an unopposed motion for a decision dismissing her petition. ECF No. 92.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover persuasive evidence that Petitioner suffered from a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's injuries were caused-in-fact by her HPV vaccinations, as she cannot show by a preponderant standard that her POI is autoimmune in nature.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical record is insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed sufficient supporting evidence. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.