# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 21, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| ALEXANDRA NUNEZ, | * | |
| | * | No. 14-996V |
| Petitioner, | * | |
| | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Mark T. Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner.
*Debra A. Filteau Begley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 16, 2014, Monica Chenowith ("Mrs. Chenowith") filed a petition for compensation on behalf of her then-minor daughter, Alexandra Nunez ("Petitioner"), pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. § 300aa-10 et seq. (2012); Pet. at 1, ECF No. 1. The petition alleges that the human papillomavirus ("HPV" or "Gardasil") vaccinations Petitioner received on October 20, 2011, and January 4, 2012, caused her to suffer from premature ovarian failure ("POF/POI"). Pet. at 1. On April 12, 2022, Petitioner filed a motion to voluntarily dismiss her petition and on April 18, 2022, the undersigned issued her decision dismissing the petition for insufficient proof. ECF Nos. 92–93.

On November 3, 2022, Petitioner filed a motion for final attorneys' fees and costs. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 97. Petitioner requests total attorneys' fees and costs in the amount of **$40,789.15**, representing

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**$18,445.10** in attorneys' fees and **$22,344.05** in attorneys' costs.[3] *Id.* at 4; Ex. A at 7. Respondent filed his response on November 17, 2022, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3, ECF No. 98. Petitioner filed a reply on November 18, 2022, reiterating her belief that the requested amount of fees and costs is reasonable. Pet'r's Reply, ECF No. 99. This matter is now ripe for consideration.

   I.   **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Avera,* 515 F.3d at 1348. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera,* 515 F.3d at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners in the Program bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a. **Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

---

[3] Petitioner's request for attorneys' costs is comprised of **$1,200.00** in expert fees for Dr. Orit Pinhas-Hamiel and attorneys' fees in the amount of **$20,488.00** for her former counsel at Krueger & Hernandez, S.C., plus **$656.05** in costs, totaling **$21,144.05** for that firm. *See* Pet'r's Mot. for AFC, Exs. B–C.

court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel, Mr. Mark Sadaka: $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, and $458.00 per hour for work performed in 2022. The rates requested are consistent with what counsel has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728–29 (2011) (affirming the special master's reduction of attorney and paralegal hours). Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters,* 2022 WL 1077311, at *5 (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable.

However, counsel billed for services that were rendered and previously awarded in a consolidated POI case, *Brayboy*, No. 15-183V. For instance, on February 11, 2020, counsel billed $1,772.40 for the drafting of Petitioner's memorandum on *Althen* prong one. Pet'r's Mot. for AFC, Ex. A at 4. The memorandum on *Althen* prong one was drafted on behalf of all POI petitioners, included facts from the *Brayboy* case, and was filed in the *Brayboy* case, only. Petitioner's counsel therefore cannot be awarded this fee in this case because he was already compensated for such services and an award here would be redundant. Similarly, on August 31, 2021, counsel billed a total of $177.60 for the review of the undersigned's ruling on *Althen* prong one. *See id.* at 5. The undersigned's ruling was the same in each POI petitioners' case. Counsel was likewise previously awarded this fee in the *Brayboy* case. In light of this duplicative billing, the undersigned will reduce counsel's award of attorneys' fees by $1,950.00. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$16,495.10.**

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*. *See* 2015 WL 5634323.

court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, 2022, and 2023 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel, Mr. Mark Sadaka: $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021, and $458.00 per hour for work performed in 2022. The rates requested are consistent with what counsel has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728–29 (2011) (affirming the special master's reduction of attorney and paralegal hours). Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters,* 2022 WL 1077311, at *5 (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable.

However, counsel billed for services that were rendered and previously awarded in a consolidated POI case, *Brayboy*, No. 15-183V. For instance, on February 11, 2020, counsel billed $1,772.40 for the drafting of Petitioner's memorandum on *Althen* prong one. Pet'r's Mot. for AFC, Ex. A at 4. The memorandum on *Althen* prong one was drafted on behalf of all POI petitioners, included facts from the *Brayboy* case, and was filed in the *Brayboy* case, only. Petitioner's counsel therefore cannot be awarded this fee in this case because he was already compensated for such services and an award here would be redundant. Similarly, on August 31, 2021, counsel billed a total of $177.60 for the review of the undersigned's ruling on *Althen* prong one. *See id.* at 5. The undersigned's ruling was the same in each POI petitioners' case. Counsel was likewise previously awarded this fee in the *Brayboy* case. In light of this duplicative billing, the undersigned will reduce counsel's award of attorneys' fees by $1,950.00. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$16,495.10.**

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*. *See* 2015 WL 5634323.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of **$22,344.05** in attorneys' costs, comprised of work performed by Petitioner's medical expert, Dr. Orit Pinhas-Hamiel, and work performed by Petitioner's former counsel at Krueger & Hernandez, S.C. (including both attorneys' fees and costs for obtaining medical records, postage, copies, faxes, and the Court's filing fee). Pet'r's Mot. for AFC, Exs. A–C. Petitioner has provided mostly adequate documentation of all these expenses, and they appear reasonable in the undersigned's experience.[5] *See id.* However, Petitioner has failed to provide documentation of several costs for copies, postage, and faxes.[6] The undersigned will therefore reduce Petitioner's award of attorneys' costs by $66.41. Accordingly, Petitioner is awarded attorneys' costs in the amount of **$22,277.64.**

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and find that Petitioner's request for final fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Final Attorneys' Fees Requested | $18,445.10 |
| (Reduction to Fees) | -$1,950.00 |
| **Final Attorneys' Fees Awarded** | **$16,495.10** |
| | |
| Final Attorneys' Costs Requested | $22,344.05 |
| (Reduction of Costs) | -$66.41 |
| **Final Attorneys' Costs Awarded** | **$22,277.64** |
| | |
| **Final Attorneys' Fees and Costs** | **$38,772.74** |

**Accordingly, the undersigned awards a lump sum in the amount of $38,772.74, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Mark Sadaka.**

---

[5] In awarding the full amount of expert costs sought, the undersigned is not specifically endorsing any particular hourly rate for the work of the medical expert. Rather, in light of the work product submitted, the undersigned finds the total amount for the expert's work to be reasonable.

[6] Petitioner failed to file documentation of costs incurred in the following amounts: $0.69 in postage on February 27, 2014; $0.48 in postage on March 27, 2014; $4.20 in copies on July 29, 2014; $19.67 in postage on October 15, 2014; $2.40 in faxes on October 28, 2014; $5.60 in copies on October 29, 2014; $2.40 in faxes on December 29, 2014; $3.90 in faxes on July 26, 2016; $0.47 in postage on July 26, 2016; $5.40 in faxes on October 27, 2016; $3.80 in copies on October 27, 2016; $7.80 in copies on December 22, 2016; $2.40 in copies on August 30, 2017; $2.20 in copies on October 30, 2017; and $5.00 in copies on November 30, 2017. Pet'r's Mot. for AFC, Ex. C.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[7]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.